Filed 2/18/25  P. v. Lee CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STEVEN LEE,<br><br>    Defendant and Appellant. | 2d Crim. No. B334573<br>(Super. Ct. No. 1027776)<br>(Santa Barbara County) |

Steven Lee appeals from the trial court's judgment after he was convicted of multiple offenses.  He contends there are clerical errors in the abstract of judgment, and that the court violated his constitutional rights when it failed to determine his ability to pay before imposing restitution and parole revocation fines.  We will order the abstract corrected but otherwise affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND[1]

In 2001, a jury convicted appellant of nine counts including attempted murder of a police officer (count 1) (Pen. Code, §§ 664/187, subd. (a)[2]), assault on a police officer with a semiautomatic firearm (count 2) (§ 245, subd. (d)(2)), and exhibiting a firearm with intent to resist arrest (count 3) (§ 417.8). On counts 1 and 2, firearm enhancement allegations were found true under section 12022.5, subdivision (a)(1), and section 12022.53, subdivisions (b) and (c). Firearm enhancement allegations were also found true under section 12022.5, subdivision (a)(1), and section 12022.53, subdivision (b), on counts 5-8. On count 9, an enhancement allegation was found true under section 12022.5, subdivision (a)(1).

The court found true multiple prior offense allegations and sentenced appellant to a total of 133 years to life. The sentence included three prior prison term enhancements under section 667.5, subdivision (b). Appellant was also ordered to pay various fines and fees, including the maximum $10,000 restitution fine under section 1202.4, subdivision (b)(1), and a $10,000 parole revocation fee under section 1202.45. The latter was stayed. We affirmed the judgment on direct appeal in *People v. Lee* (June 30, 2003, B154641) [nonpub opn.].

After the sentencing law was changed to abolish prior prison term enhancements imposed under former section 667.5, subdivision (b), the court held a resentencing hearing under section 1172.75 in December 2023. The court struck the

---

[1] We limit our discussion to the relevant facts.

[2] Further undesignated statutory references are to the Penal Code.

abolished prior prison term enhancements, struck other enhancements, and resentenced appellant to a total indeterminate term of 77 years to life, plus a determinate term of 20 years. The court reimposed the $10,000 restitution and parole fines, and again stayed the latter.

*Ability to Pay Restitution Fines*

Appellant contends that the trial court violated his federal and state constitutional rights[3] when it imposed the restitution fine and the parole revocation fines without determining his ability to pay. The court imposed each $10,000 fine at the original sentencing on December 19, 2001, and reimposed them (staying the parole revocation fine) when he was resentenced on December 1, 2023. Appellant did not object.

Appellant argues he has not forfeited this argument because it concerns a deprivation of fundamental rights. He also reminds us that courts of appeal "often excuse[] forfeiture when the forfeited claim involves an important issue of constitutional law or a substantial right." We decline appellant's request to relieve him of his forfeiture.

The trial court imposed the maximum restitution and parole revocation fines. Section 1202.4 subdivision (d) states "[i]n setting the amount of the fine . . . in excess of the minimum fine

---

[3] He asserts violations of due process principles under the Eighth and 14th Amendments and under Article I, sections 7 and 15 of the California Constitution per *People v. Dueñas* (2019) 30 Cal.App.5th 1157. He also asserts violations of equal protection principles under the 14th Amendment and Article I, section 7 of the California Constitution. Finally, he asserts violation of the right not to be subject to excessive fines under the Eighth Amendment and Article I, section 17 of the California Constitution

. . . the court shall consider any relevant factors, including, but not limited to, the defendant's inability to pay." Appellant, therefore, was "obligated to object to the amount of the fine and demonstrate his inability to pay anything more than the . . . minimum." (*People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1154.) By failing to object, appellant forfeited this claim.

In addition, under *People v. Dueñas*, *supra*, 30 Cal.App.5th 1157, appellant could have objected and requested a hearing based upon constitutional grounds including all those he has now raised on appeal.[4] We again conclude by failing to object he has forfeited this argument. (*People v. Ramirez (2023)* 98 Cal.App.5th 175, 224-225; *People v. Evers* (2023) 97 Cal.App.5th 551, 556.)

Appellant directs us to *People v. Son* (2020) 49 Cal.App.5th 565 "[f]or an explanation of the fundamental constitutional right at issue – access to the courts." But *Son* holds that "monetary punishments (in the form of punitive fines)" like those imposed on appellant here, do not "implicate[] the constitutional right of access to the courts[,]" and therefore there is no constitutional right to an ability to pay hearing. (*Id.* at p. 578.) "[T]here is no fundamental right not to be burdened by a punitive fine." (*Id.* at p. 596.) We need not decide whether we agree with *Son*, however, because as we have stated, appellant forfeited this claim.

---

[4] Our Supreme Court is currently considering the issues raised in *Dueñas*. Specifically, our Supreme Court has granted review to decide the following questions: "Must a court consider a defendant's ability to pay before imposing or executing fines, fees, and assessments? If so, which party bears the burden of proof regarding defendant's inability to pay?" (*People v. Kopp* (Nov. 13, 2019, S257844) __ Cal.5th __ [2019 Cal.Lexis 8371].)

*Corrections to Abstract of Judgment*

Appellant and the attorney general agree the abstract of judgment is incorrect in three respects.  We also agree and will order that it be corrected as follows.  (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [courts may correct clerical errors at any time].)

The abstract of judgment incorrectly describes count 1, as "attempted murder of a peace officer/firefighter–willful, deliberate, premeditated."  This is error as the jury found the special allegation was not true.  The language "willful, deliberate, premeditated" should be stricken.

The abstract of judgment incorrectly states appellant was convicted of the charged crime of assault (count 3).  The jury found appellant not guilty of assault and instead convicted appellant of a related offense of exhibiting a firearm with intent to resist arrest.  (§ 417.8.)  The abstract should be corrected to reflect the correct offense.

The abstract of judgment incorrectly includes the 20-year firearm enhancement (§12022.53, subd. (c)) in paragraph 2 on the page entitled "Felony Abstract of Judgment—Determinate" (form CR-290.)  That notation should be deleted because the firearm enhancement was imposed only on count 1, which is correctly shown in paragraph 2 on the page entitled "Abstract of Judgment—Prison Commitment—Indeterminate." (form CR-292.)

## DISPOSITION

The judgment is affirmed.  The superior court clerk is directed to correct the abstract of judgment (form CR-292) as follows:  on count one, delete the words "willful, deliberate, premeditated"; on count three, delete "245(d)(2) assault on peace

5

officer/firefighter w/semiautomatic firearm" and add "417.8 exhibiting weapon at peace officer"; delete the 20-year firearm enhancement (§ 12022.53, subd. (c)) stated in paragraph 2 on the page entitled "Felony Abstract of Judgment—Determinate." (Form CR-290.) The corrected abstract of judgment shall be forwarded to the Department of Corrections and Rehabilitation.

<u>NOT TO BE PUBLISHED.</u>


CODY, J.

We concur:


GILBERT, P. J.


YEGAN, J.


6

Patricia Kelly, Judge
Superior Court County of Santa Barbara

_____

Jeffrey Manning-Cartwright, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Nima Razfar, Deputy Attorney General, for Plaintiff and Respondent.